## McLEMORE v. LANCASTER.

EVIDENCE—PAROL—SHERIFF—JAILER—DE FACTO OFFICER.—Where a statute requires a sheriff to appoint a jailer in writing, and provides his salary, upon suit by one acting as jailer against sheriff for his salary, alleged to have been collected by sheriff, the sheriff cannot object to parol testimony as to his services and appointment.

Before ALDRICH, J., Barnwell, November Term, 1898. Reversed.

Action by Robert B. McLemore against J. Wyatt Lancaster.  Plaintiff is appellant.

*Messrs. Bellinger, Townsend & O'Bannon,* for appellant, cite: *The mode of appointment does not enter into essentials of office:* 7 Rich., 370.  *Defendant cannot take advantage of his own wrong:* 3 Strob., 146; 12 S. & M., 653; 2 Hous., 123.

*Messrs. Patterson & Holman,* contra (oral argument).

April 16, 1900.  The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER.  For a proper understanding of the questions raised by this appeal, it will be necessary to state, substantially, the allegations contained in the pleadings.  In the complaint the plaintiff alleges : 1st. That the defendant was, from the 24th of December, 1894, to the 15th December, 1896, the sheriff of the county of Barnwell, and that the plaintiff, between the said dates, was the jailer appointed by said sheriff, and performed all the services and duties imposed by law upon said jailer.  2d. That between the said dates the defendant collected and received from the county of Barnwell, to the use of the plaintiff, in monthly instalments, the sum of $479.16, being the salary provided by law for such jailer, of which sum the defendant paid over to the plaintiff only the sum of $287.50.  3d. That in No-

vember, 1897, the plaintiff demanded from the defendant payment of the balance of said money, but the defendant refused to pay the same. Therefore, plaintiff demands judgment against the defendant for said balance, to wit : the sum of $191.66, with interest on the same from the time of such demand.

The defendant in his answer admits so much of paragraph 1 of the complaint as alleges that he was sheriff of Barnwell County between the 24th of December, 1894, and the 15th of December, 1896, and denies each and every other allegation in said paragraph.    2d.  He denies each and every other allegation in said complaint, not herein specifically admitted. "The defendant, further answering, alleges that he has paid the plaintiff in full all that was due him for wages, under and according to their contract."

When the plaintiff offered testimony to show that he was the jailer of the county of Barnwell, as alleged in the complaint, the defendant objected upon the ground that the law requires that the appointment of the jailer must be made in writing, a copy of which appointment shall be deposited in the office of the clerk of the Circuit Court, and the objection was sustained.    The plaintiff made various other attempts to get before the Court testimony tending to show that he was jailer, and had performed the duties of said office during the period specified; that he lived in the jail, and that the defendant had no other jailer, all of which was ruled out, as well as other testimony offered by plaintiff to meet the allegation in the answer that the defendant had paid the plaintiff all that was due him.    All this testimony having been ruled out, the plaintiff closed, and a motion for a nonsuit was made and granted, and judgment having been entered thereon, the defendant appeals upon the following grounds : "That his Honor, the presiding Judge, erred in holding that testimony was inadmissible to show that the plaintiff was *de facto* jailer, appointed by the defendant as sheriff, at the times mentioned in the complaint; and that in order to recover in this action against the defendant, the money

alleged to have been received by said sheriff, from the county, as the salary of the jailer of such county, plaintiff must show that he was jailer *de jure,* appointed in writing, as required by the statute."     Sec. 526 of Crim. Stat., 2 Rev. Stat., p. 443, provides as follows: "Every sheriff in this State, who does not live in the jail, shall employ a proper and discreet person as jailer, who shall live within the same, and who is hereby prohibited from using the house for any other purpose than that for which it was designed by law;" and the next section, 527, reads as follows: "The sheriff shall appoint such jailer in writing, a copy of which appointment shall be deposited in the office of the clerk of the Circuit Court of the county where such jailer is appointed."     Then, by the act of 1894—21 Stat., 847—"To prescribe and provide for salaries for certain officers of Barnwell County, and to further regulate the duties thereof," the salary of the jailer is fixed at $250, to be paid monthly on the warrant of the county supervisor.     This salary is declared by the statute to cover "all services, cooking for prisoners and all other duties provided by law and now imposed upon him."     In that statute the salary of the sheriff is provided for as follows: "To the sheriff, in lieu of all costs and fees in criminal cases, $1,000."     It will thus be seen that the law applicable to this case provides substantially as follows: 1st. That every sheriff who does not live in the jail *shall* employ a jailer.     2d. That such jailer must be appointed, in writing, by the sheriff, and a copy of such appointment must be deposited in the office of the clerk of the Circuit Court.     3d. That the salary of the jailer is fixed at the sum of $250, to be paid in monthly instalments on the warrant of the county supervisor.     If, therefore, this was an action, or a proceeding by mandamus, against the county of Barnwell, or some proper officer thereof, by which the plaintiff was seeking to obtain payment of his salary as jailer, we can very well understand why the plaintiff should be required to allege and prove that he had been duly appointed to the office for the salary of which he was claiming payment.     For in such a

case it would not only be the right but the duty of the county supervisor, before drawing his warrant for the salary of the jailer, to require proof that the claimant of such salary had been duly appointed jailer. But this is not such a case; and, on the contrary, it is simply a case to recover money had and received by the defendant to the use of the plaintiff, under the allegation that the defendant has received from the county of Barnwell money due the plaintiff for his salary as jailer, and, upon demand, has refused to pay over the same to the plaintiff. In such a case it is not pertinent to inquire whether the plaintiff has been duly appointed jailer—certainly the defendant cannot raise such a question. For under the well settled doctrine that, in the absence of evidence to the contrary, the presumption is that a public officer has performed his duty, and that, in this case, it must be presumed (there being no evidence to the contrary) that the defendant satisfied the county supervisor that the jailer had been duly appointed. It will be remembered that the sheriff is *required* to appoint a jailer, where he does not reside in the jail, and that such jailer must live in the jail, and that when the plaintiff offered evidence that he did reside in the jail and performed the duties of jailer, such testimony was ruled out, as well as all other testimony tending to show that the plaintiff was *de facto* jailer. It was neither alleged or proved that the defendant lived in the jail and performed the duties of jailer; and, therefore, he could not have lawfully received from the county of Barnwell the salary of jailer for himself, as the statute expressly provides a salary for the sheriff, "in lieu of all costs and fees in criminal cases;" and he could only be entitled to receive the salary of jailer where he lived in the jail and performed the duties of jailer, even if then, and there is no allegation nor proof to that effect. If the defendant did not live in the jail, as may well be inferred from the fact that, upon his motion, the testimony of plaintiff that *he* lived in the jail, was ruled out, then it was his duty, under the statute, to employ a jailer; and if he employed the plaintiff, he could not fix his compensation or

25—57

wages by contract, as the law prescribes the salary of a jailer in Barnwell County; and if he received from the county of Barnwell such salary, he could not refuse to pay it over to the plaintiff upon the ground that he had not appointed the plaintiff jailer, "in writing," as that would be allowing him to take advantage of his own wrong, and retain money which did not lawfully belong to him.

It seems to us, therefore, that the Circuit Judge erred in excluding the testimony offered by the plaintiff tending to show that he was employed by the defendant as jailer; that he lived in the jail and performed the duties of jailer during the time specified; and consequently that there was error in granting the motion for a nonsuit.

The judgment of this Court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial.